UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KRISTAN RENEA JOHNSTON,**

    Plaintiff,

v.                                          Case No. 2:21-cv-464-SPC-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

---

## REPORT AND RECOMMENDATION

Before the court is plaintiff Kristan Johnston's motion for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 30). The Commissioner of Social Security objects to the reasonableness of the relief sought because Johnston seeks compensation for clerical tasks performed by paralegals. (Doc. 31). For the reasons below, the motion should be granted in part.

On May 18, 2022, the Commissioner sought remand. (Doc. 27). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 28). Final judgment was entered May 19, 2022. (Doc. 29). Now, Johnston requests a fee award of $3,186.68 in attorney's fees and $23.44 in expenses. (Doc. 30).

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for

attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Johnston requests hourly rates of $214.29 for work done in 2021 and $229.05 for work done in 2022 for record counsel, Phyllis Nowlan. Based on this, Johnston seeks $214.29 per hour for 0.5 hours of Nowlan's time in 2021 and $229.05 for 0.5 hours of her time in 2022, for a total of $221.68. Johnston also requests 19.4 hours at $125 per hour for four other attorneys who are not admitted to practice before this court for a total of $2,425.00. (Doc. 30, pp. 4-6). This proposed approach is reasonable. *See Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (finding that if an attorney is not admitted in a court as required by a local rule, a court does not abuse its discretion by compensating the attorney at a paralegal hourly rate). Upon review of the requested rates and services for the attorneys, and with no objection from the Commissioner, the hourly rates and hours spent are reasonable. Therefore, the court should award $2,646.68 in attorney's fees.

Johnston requests 7.2 hours at $75 an hour for paralegal time. (Doc. 30, p. 6). EAJA allows fees for paralegal services at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). The requested rate of $75 is reasonable for the services of the paralegals. However, the number of hours expended is not reasonable.

Tasks of a clerical nature are not compensable under EAJA. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). This includes, for example, time spent filing papers, reviewing summonses, reviewing scheduling orders, calendaring deadlines, and any other task "which could have been done by support staff." *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018) (internal quotations and citations omitted); *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, *1 (M.D. Fla. Oct. 31, 2018); *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *3-4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020). The following entries should be deducted:

| 06/07/2021 | FDC contract and other rep documents prepared for Client completion | 0.6 | Brittany Havens |
| 06/09/2021 | FDC contract and other rep docs returned via Right Signature, reviewed for completion | 0.3 | Brittany Havens |
| 01/10/2022 | Combine, OCR & Live Bookmark Federal Court Transcript (776 pages) | 0.8 | Catherine Coren |

Therefore, only 5.5 hours of paralegal time should be awarded, for a total award of $412.50 in paralegal services.

Johnston seeks $23.44 in expenses for mailing the service packets to the clerk and to serve the Commissioner. (Doc. 30-17). The Commissioner does not oppose awarding these expenses. These expenses appear reasonable and within the discretion of the court to award and should therefore be awarded as well. *See Volk*

*v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

Accordingly, the court should **GRANT in part** the motion for EAJA fees (Doc. 30) and direct the clerk to amend the judgment to include an award to Johnston of **$3,082.62** for attorney's fees and expenses. This award may be paid directly to plaintiff counsel if the United States Department of Treasury determines that no federal debt is owed by Johnston.[1]

Respectfully recommended on August 29, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

---

[1] Johnston filed a signed "Affirmation and Waiver of Direct Payment of EAJA Fees." (Doc. 30-18). Under the Affirmation and Waiver, Johnston waived directed payment of the EAJA fees and assigned her rights to any EAJA fees to her attorneys. (*Id.*).